**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ALLEN BERRY, | No. 08-56281 |
| Petitioner - Appellant, | D.C. No. 8:07-cv-00323-ABC-AJW |
| v. | |
| COLLEEN PRECIADO, Orange County Chief Probation Officer; MICHAEL S. CARONA, Orange County Sheriff; EDMUND G. BROWN, Jr., Attorney General of California, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted October 7, 2010
Pasadena, California

Before: FISHER and BYBEE, Circuit Judges, and STROM, District Judge.**

David Allen Berry appeals the district court's denial of Berry's 28 U.S.C.

§ 2254 habeas petition, contending that prosecutorial misconduct violated his

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

Fourteenth Amendment due process right to a fair trial and his Sixth Amendment right to effective assistance of counsel. We affirm.

The California Court of Appeal held that the prosecutor committed misconduct by presenting Berry's expert with inadmissible evidence concerning an email from Berry to the expert. Under 28 U.S.C. § 2254, we must defer to the state appellate court's conclusion that the misconduct did not infect the trial with unfairness sufficient to establish a due process violation under *Darden v. Wainwright*, 477 U.S. 168 (1986), and *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974), unless that conclusion was either contrary to or an objectively unreasonable application of clearly established federal law. It was neither. Accordingly, the district court did not err in according deference to the state appellate court's decision. *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Luna v. Cambra*, 306 F.3d 954, 960, *amended in* 311 F.3d 928 (9th Cir. 2002).

The divergent outcomes on David and Ellen Berry's mistrial motions do not compel the conclusion that David Berry's right to a fair trial was violated. The trial court declared a mistrial as to Ellen Berry based on its worry that the improper email evidence might have violated Ellen Berry's right to confront witnesses against her. That decision did not necessarily imply that the jury would not heed

2

the trial court's repeated instruction to disregard the email.  Thus the grant of a mistrial as to Ellen Berry does not establish that David Berry's trial was unfair.

The state appellate court's conclusion that prosecutorial misconduct did not deprive Berry of his right to effective assistance of counsel is also entitled to deference under 28 U.S.C. § 2254.  The court's conclusion that the prompt and emphatic curative instructions were adequate to correct any damage to the jury's perception of Berry's attorney was not objectively unreasonable.

Accordingly, we affirm the district court's denial of Berry's habeas petition.

**AFFIRMED.**